UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK NALI, #449422,

        Plaintiff,

                                    File No. 2:07-CV-87

v.

                                    HON. ROBERT HOLMES BELL

J. EKMAN, et al.,

        Defendants.
                                 /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On June 4, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff Frank Nali's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim.  (Dkt. No. 5.)  Plaintiff filed objections to the R&R on June 12, 2007.  (Dkt. No. 6.)  For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court reviews *de novo* those portions of a R&R to which specific objections are made.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).

Plaintiff's lawsuit relates to three major misconduct tickets issued against Plaintiff.

The Magistrate Judge concluded that Plaintiff's claims are noncognizable under § 1983 because "a ruling on these claims would, if established, necessarily imply the invalidity of his disciplinary convictions." (R&R 5.) Plaintiff objects to this conclusion, contending that the March 12, 2007, major misconduct ticket ("March 12 ticket") was dismissed, though he acknowledges that he was convicted on the other two major misconduct tickets. (Pl.'s Objs. 1.) Plaintiff supports this contention with a citation to paragraph 75 of his complaint in which he alleged that the March 12 ticket was dismissed. (Dkt. No. 1, Compl. ¶ 75.) The Magistrate Judge did not address the March 12 ticket. Based on Plaintiff's complaint, claims arising out of the March 12 ticket do not imply the invalidity of a conviction because the March 12 ticket did not result in a conviction. Thus, claims arising from the March 12 ticket are not barred by the holdings of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's second objection is to the Magistrate Judge's conclusion that Plaintiff's claims based on the two major misconduct tickets on which Plaintiff was convicted are barred by the holding of *Edwards*. The Magistrate Judge concluded that Plaintiff's claims based on the two major misconduct convictions are barred under *Edwards* because Plaintiff lost good time credits as a result of those convictions. Plaintiff contends that under Michigan statute he is ineligible for good time credits, so the two major misconduct convictions could not change his amount of good time credits. Plaintiff does not cite any statutory provision that excludes him from eligibility for good time credits. Although the

rate at which good time credits can accrue varies based on when a prisoner's incarceration began, under Michigan Compiled Laws § 800.33 all prisoners are eligible for some form of good time credit. M.C.L. § 800.33(2), (3), (5). Thus, Plaintiff's claims based on the other two major misconduct convictions are barred by the holding of *Edwards*.

The Magistrate Judge concluded that even if Plaintiff's claims are not barred by *Heck* and *Edwards*, Plaintiff's claims fail because he received due process of law. Plaintiff objects to this conclusion, contending that the Magistrate Judge's analysis is insufficient because it does not contain enough fact specific analysis. Plaintiff cites to thirteen different paragraphs from his complaint, but does not identify how any of those paragraphs or any facts alleged in the complaint are inconsistent with the Magistrate Judge's analysis. Moreover, Plaintiff does not identify any factual or legal errors in the Magistrate Judge's analysis. Thus, even if Plaintiff's claims are not barred by *Heck* and *Edwards*, Plaintiff's claims fail because he received due process of law.

Plaintiff's fourth objection is to the Magistrate Judge's conclusion that Plaintiff's equal protection claim was conclusory and therefore failed to state a claim under § 1983. In support of this objection, Plaintiff directs the Court to nineteen different paragraphs in his complaint, without explanation of how these paragraphs address the deficiency identified by the Magistrate Judge. Of the paragraphs referenced by Plaintiff, paragraphs 42 and 43 of the complaint allege that Defendants O'Brien and Yon are of a different race than Plaintiff and that their actions were motivated by racial animosity. These allegations fail to state an

equal protection claim. *Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." (citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971))).

Plaintiff's fifth objection is to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's objection is premised on his federal claims being valid. In resolving Plaintiff's first four objections the Court has determined that Plaintiff has failed to state a federal claim. Therefore, Plaintiff's objection to the Court declining to exercise supplemental over Plaintiff's state law claims is without basis.

Plaintiff's sixth objection is to this lawsuit counting as a "strike" against Plaintiff under 28 U.S.C. § 1915(g). Plaintiff does not state a basis for this objection. In resolving Plaintiff's other objections the Court has determined that Plaintiff failed to state a claim; therefore, 28 U.S.C. § 1915(g) is applicable to Plaintiff's lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 5) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff Frank Nali's federal claims are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Therefore, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Date:     November 15, 2007                /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE